## WILLIAMS *v.* THE STATE.

FISH, C. J. 1. While a statement by the court in charging the jury regarding a contention of the defendant in his statement may have been inaccurate, it was not of such a character as to require a new trial. The charge of the court with respect to the contentions of the State was not subject to the criticism made thereon, that it was unfair and impressed the jury that the court believed that the defendant was guilty.

2. The only grounds of the motion for a new trial as amended, besides the general grounds, being those referred to in the preceding note; and the evidence being sufficient to support the verdict, the judgment of the court overruling the motion for a new trial is

*Affirmed. All the Justices concur, except*

HOLDEN, J.. dissenting. Where upon the trial of one charged with murder the State contended and offered evidence to show that this crime was committed by the defendant intentionally striking the deceased on the head with a hoe, and the defendant, who introduced no testimony, in his statement said: "I says, 'I wouldn't hit you for nothing; let me go by;' and I went to pick up my hoe, and after I passed by him at that time Virgil grabbed the hoe, and I didn't know whether he was grabbing it to hit me with the hoe or not, and I had the handle in my hand, and I grabbed at the hoe, and when I did so the hoe flung right around and hit" the deceased, it was error requiring a new trial for the court to instruct the jury: "The defendant contends that another party, Virgil Bryant, conceiving the idea that the defendant was about to strike Clements with the hoe, grabbed it for the purpose of preventing what the other party thought was a blow about to be inflicted upon Clements." The defendant did not state and there was no testimony whatever to show that "Virgil grabbed the hoe" for the purpose of preventing the defendant from striking the deceased with the hoe, or because he (Virgil) believed that the accused intended to strike the deceased with it. One of the vital issues in the case was whether or not the defendant intentionally struck the deceased; and to incorrectly state the contention of the defendant so as to put him in the attitude of admitting that the circumstances were such as to create a belief on the part of a bystander, at the time the killing occurred, that the defendant intended to hit the deceased with the hoe, and that the person present at the killing grabbed the hoe for the purpose of preventing the defendant from carrying out what such party thought was the intention of the defendant, was error of such nature as to require a new trial. For the court in his instructions to the jury erroneously to impress them with the idea that the defendant in his statement admitted that his conduct was such as to create the belief in the mind of an onlooker that he was about intentionally to hit the deceased with the weapon with which the State contended and introduced evidence to show the defendant intentionally struck and killed the deceased would naturally weaken with them the real contention of the defendant, as made in his statement, that the blow was accidental and inflicted without any intention on his part to strike the deceased.

OCTOBER 18, 1910.

Indictment for murder. Before Judge Felton. Houston superior court. May 11, 1910.

*Robert N. Holtzclaw,* for plaintiff in error. *John C. Hart, attorney-general,* and *Walter J. Grace, solicitor-general,* contra.